**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| FREEDOM PATENTS LLC, <br><br>         Plaintiff, <br><br>     v. <br><br> DISH NETWORK CORPORATION, DISH NETWORK L.L.C., and DISH NETWORK SERVICE L.L.C., <br><br>         Defendants. | CIVIL ACTION NO. 4:23-cv-303-ALM |

**DEFENDANTS DISH NETWORK CORPORATION, DISH NETWORK L.L.C., AND
DISH NETWORK SERVICE L.L.C'S MOTION FOR
PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1
II. BACKGROUND ................................................................................................................... 1
III. LEGAL STANDARDS ......................................................................................................... 3
IV. ARGUMENT ......................................................................................................................... 5
    A. Freedom Fails To Allege Any Basis For Pre-Suit Indirect Infringement. ............. 5
    B. Freedom's Inducement Allegations Fail to Adequately Allege Any Post-Suit Affirmative Acts Taken With Specific Intent To Indirectly Infringe. ............ 7
    C. Freedom Fails To Adequately Plead Willful Infringement. ................................... 9
V. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
   No. W:13-CV-365, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014).........................6

*In re Apple Inc.*,
   52 F.4th 1360 (Fed. Cir. 2022) .................................................................................................1

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964)..................................................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................3

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*,
   28 F.4th 1247 (Fed. Cir. 2022) ...........................................................................................5, 10

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)...................................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................6

*Billjco v. Cisco Sys.*,
   No. 2:21-CV-00181-JRG, 2021 U.S. Dist. LEXIS 251455 (E.D. Tex. Nov. 30,
   2021) .........................................................................................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 1920, 1926 (2015)...............................................................................................4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015) .................................4, 7

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006).................................................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)...............................................................................................................4, 8

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990)...................................................................................................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016)..................................................................................................................10

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
   C.A. No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .................................. 11

*Mallinckrodt, Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ........................................................................................... 5

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) .................................................................................................... 4

*Motiva Pat., LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019) ...................................................................................... 7

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
   C.A. No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765 (E.D. Tex. Sep.
   22, 2017) .................................................................................................................................. 10

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11–1681 (ANx), 2012 WL 1835680 (C.D. Cal. May 16, 2012) ............................ 4

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
   No. 2:21-cv-09011-RGK-GJS, 2022 U.S. Dist. LEXIS 104409 (C.D. Cal. Jan.
   18, 2022) ............................................................................................................................ 5, 7, 11

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007), *overruled on other grounds by*, 579 U.S. 93
   (2016) ....................................................................................................................................... 10

*Sonos, Inc. v. Google LLC*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) ...................................................................................... 5

*Tegal Corp. v. Tokyo Electron Co.*,
   248 F.3d 1376 (Fed. Cir. 2001) .................................................................................................. 8

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
   No. 2:13-CV-38-JRG, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014) .................. 8, 9

*VLSI Tech., LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2019 U.S. Dist. LEXIS 49801 (D. Del. Mar. 26, 2019) ................. 7, 10

*WCM Indus., Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) ............................................................................................ 5

*Williamson v. Citrix Online, LLC*,
   792 F.3d 1339 (Fed. Cir. 2015) ................................................................................................ 10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) .......................................................................................... 5

**Statutes**

35 U.S.C. § 271(b) ............................................................................................................4

35 U.S.C. § 271(c) ............................................................................................................4

**I.      INTRODUCTION**

Freedom's[1] complaint fails to state a claim for pre-suit indirect infringement because its allegation that DISH[2] had prior knowledge of the asserted patents is implausible. In particular, Freedom speculates (incorrectly, without basis, and implausibly) that DISH's internal policies require ignoring third-party patents. Complaint ¶ 123. This assertion does not meet the *Twombly* plausibility standards and, even if it did, it would still fail because it would at most lead to the conclusion that DISH had knowledge of the patents – not knowledge of any alleged *infringement*.

Freedom's complaint also fails to allege DISH took any affirmative acts with the specific intent to indirectly infringe. Instead, Freedom points only to conduct that cannot possibly reflect DISH's intent to indirectly infringe because it pre-dates DISH's knowledge of Freedom's allegations. Freedom's complaint appears to rely on this same conduct as evidence of willful infringement, in violation of the Federal Circuit's requirement that allegations of willfulness must be based exclusively on pre-suit conduct undertaken with knowledge of the patents.

The Court should therefore dismiss Freedom's claims of indirect infringement and willful infringement.[3]

**II.     BACKGROUND**

Freedom filed its complaint against DISH on April 7, 2023 ("Complaint"). Freedom's Complaint alleges that DISH infringes three patents: U.S. Patent Nos. 8,284,686, 8,374,096, and 8,514,815 (collectively, the "Asserted Patents"). Freedom alleges that DISH directly infringes

---

[1] Plaintiff Freedom Patents LLC's ("Freedom")
[2] DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C (collectively, "DISH")
[3] This motion is brought concurrently with a co-pending motion to transfer venue. Because the Federal Circuit has held that decisions on transfer motions "must proceed expeditiously as the first order of business," the Court should decide that motion before this one, and need not reach this motion if the motion to transfer is granted. *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022).

each Asserted Patent by, among other acts, making, using, importing, and selling its "DISH Wireless Joey (with 3x3 MIMO) family of products and other products[4] that implement MIMO Wi-Fi capabilities."  Complaint ¶¶ 20-21, 58-59 and 80-81.

Freedom also avers DISH indirectly and willfully infringes the Asserted Patents.  Freedom does not, however, include any specific allegations that DISH had prior notice of the Asserted Patents or that DISH knew it was allegedly infringing.  Instead, Freedom only alleges DISH "had actual knowledge" of the Asserted Patents "at least as of the date when it was notified of the filing of this action."  *Id.* ¶ 121.  Freedom likewise alleges, with no apparent basis, that DISH has "a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind to Freedom Patents' patent rights."  *Id.* ¶ 123.  Freedom's only support for this accusation is a 15-year old law review article that makes no mention of DISH or its internal policies.  *Id.*[5]

Regarding inducement, Freedom alleges DISH induces (unspecified) end users of the accused products to directly infringe by "taking active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes."  *Id.* ¶ 101.  Freedom provides no basis for this conclusory allegation of "specific intent."   The allegedly inducing steps include (i) advising users to infringe, (ii) advertising infringing uses, and (iii) distributing instructions that guide users to infringe—but

---

[4] These "other products" identified in the Complaint are primarily products made by third parties, and are "Wireless Joey Access Point 2, Ring Chime Pro (2nd Gen), Ring Spotlight Cam Wired, Google Nest Wifi Pro, Google Nest WiFi Router & Point, Linksys Atlas 6 Dual-Band Mesh Wifi System, Linksys Velop Intelligent Dual-Band Mesh Wifi System."  *See, e.g.* Complaint ¶ 20 n.6.
[5] The cited law review article is M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008), https://www.ftc.gov/sites/default/files/documents/public_events/evolving-ip-marketplace/mlemley_ip.pdf.

Freedom provides no examples and identifies no instances of any such advice, advertisements, or instructions.  *Id.* ¶ 102.  Freedom also alleges DISH has induced affiliates and other third parties to infringe by importing, selling, and offering the accused products.  *Id.* ¶ 105.  But again, Freedom provides no specific allegations and does not explain how DISH's conduct changed (if at all) after it allegedly learned of Freedom's allegations of infringement.

Freedom also alleges contributory infringement.  *Id.* ¶¶ 116-120.  Without specifying how, Freedom alleges that DISH has contributed to direct infringement by its end users who use the accused products in an allegedly infringing manner.  *Id.*

On willfulness, Freedom only avers the legal conclusion that DISH's alleged infringement "has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard for Freedom Patent's Rights under the patents-in-suit." *Id.* ¶ 125.

### III. LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In order to survive a motion to dismiss, a complaint asserting indirect infringement "must: 1) adequately plead direct infringement by [a third party]; 2) contain facts plausibly showing that defendant specifically intended for [that third party] to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the [third party's] acts constituted infringement."

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, at *3 (E.D. Tex. June 3, 2015), report and recommendation adopted, 2015 WL 13885437 (E.D. Tex. July 15, 2015); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[I]nduced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (holding that contributory infringement under 35 U.S.C. § 27l(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing"). To meet the specific intent element, "the alleged infringer must be shown to have knowingly induced infringement, not merely knowingly induced the acts that constitute direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphases in original) (cleaned up); *see Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement."). Put another way, it is not enough that an accused indirect infringer merely intends others to perform certain acts that are later found to infringe. *See DSU Med. Corp.*, 471 F.3d at 1306. Rather, the defendant must intend that someone else infringe.

Courts often dismiss claims for indirect infringement where the plaintiff has not adequately pled the defendant's pre-suit knowledge of the patents. *See, e.g., Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11–1681 DOC (ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (requiring pre-suit knowledge for induced infringement claims because it "furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit.");

*Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) (requiring pre-suit knowledge for induced infringement claims); *see also Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 647-48 (N.D. Cal. 2022); *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-cv-09011-RGK-GJS, 2022 U.S. Dist. LEXIS 104409, at *5-7 (C.D. Cal. Jan. 18, 2022); *ZapFraud, Inc. v. Barracuda Networks, Inc.,* 528 F. Supp. 3d 247, 252 (D. Del. 2021)

Willful infringement is a matter of culpability and state of mind, and therefore also has knowledge of the asserted patents as a prerequisite. *WCM Indus., Inc. v. IPS Corp.,* 721 F. App'x 959, 970 (Fed. Cir. 2018); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990). But knowledge of the patents is not enough. To establish willfulness, Freedom "must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247, 1274 (Fed. Cir. 2022) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

## IV. ARGUMENT

### A. Freedom Fails To Allege Any Basis For Pre-Suit Indirect Infringement.

To the extent Freedom is alleging DISH has engaged in indirect infringement prior to receiving notice of Freedom's allegations, the Complaint fails to adequately plead a claim for pre-suit indirect infringement. Freedom pleads DISH had knowledge of the Asserted Patents as of the date it was notified of the Complaint, (Complaint ¶ 121), and alleges DISH was "willfully blind" to Freedom's patent rights, with no specificity as to time. Because the first allegation cannot support pre-suit knowledge and the second allegation does not specify a time period, it is not clear if Freedom is even *attempting* to allege DISH has engaged in pre-suit indirect infringement. That lack of specificity alone is a sufficient basis to dismiss. *See Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 U.S. Dist. LEXIS 90379, at *11 (W.D. Tex. May 12,

2014) (dismissing inducement claims when the complaint did "not express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes conduct or knowledge pre-lawsuit").

Even if Freedom were attempting to plead pre-suit indirect infringement, its allegations would be insufficient. In particular, the *only* basis on which Freedom might be trying to allege pre-suit knowledge is its willful blindless allegation, i.e., its allegation that DISH has policy of ignoring third-party patents. Complaint ¶ 123. But Freedom's Complaint reveals no factual bases for this allegation whatsoever. Instead, the allegation cites a 15-year-old *academic* article arguing *in the abstract* that it would make sense for companies to ignore patents, and that article makes no mention of DISH or its policies. *Id.* (*citing* M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)). Nor does Freedom provide any information that would shed light on how it could possibly know anything about DISH's internal legal policies. Freedom's speculation is insufficient to state a valid claim, nor does it "raise a right to relief above the speculative level" as it must survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 557. To put it differently, for *Twombly* to have meaning, the plaintiff must make *specific* allegations that make a *showing* as to this specific defendant—rather than an unsupported and purely conclusory assertion that the defendant ignores patents, combined with a citation to an academic article unconnected to DISH.

But even taking Freedom's bald speculation as truth, Freedom's complaint makes no allegation that DISH was willfully blind to its *alleged infringement* of Freedom's patents. *See VLSI Tech., LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 U.S. Dist. LEXIS 49801, at *5 (D. Del. Mar. 26, 2019) (dismissing willful blindness allegations based solely on blindness of the existence of the patents rather than knowledge of the alleged infringement). Accordingly, even if Freedom's willful blindness allegation were sufficient to substitute for knowledge of Freedom's

patents, it would still fail to show the *knowledge of infringement* required to allege indirect infringement. *See Core Wireless Licensing*, 2015 WL 5000397, at *3 (explaining that indirect infringement allegation requires "facts plausibly showing that defendant knew that the customer's acts constituted infringement").[6]

### B. Freedom's Inducement Allegations Fail to Adequately Allege Any Post-Suit Affirmative Acts Taken with Specific Intent to Indirectly Infringe.

Freedom has failed to plead any post-suit facts that plausibly allege DISH took post-suit affirmative acts with the specific intent to indirectly infringe any Asserted Patent. Freedom describes DISH's business activities and alleges (in a completely conclusory manner) the business activities were taken with the specific intent to induce infringement of Freedom's patents. Complaint ¶¶ 100-115. And as to future conduct, Freedom's allegations merely speculate DISH will continue these courses of conduct. This is improper. *See Ravgen*, 2022 U.S. Dist. LEXIS 104409, at *5 n.3 (rejecting post-suit conduct allegations that "speculate as to defendant's future conduct").

But even setting aside Freedom's improper speculation, these allegations do not recite any affirmative act taken with the specific intent to indirectly infringe. For example, DISH could not have developed and distributed the supposedly inducing materials with the specific intent to infringe the Asserted Patents because there is no allegation that DISH had knowledge of the Asserted Patents at the time those materials were developed and when DISH began to distribute them. Complaint ¶¶ 102, 112. There is also no allegation about when DISH distributed those materials (or that it failed to stop distributing them after it gained knowledge of Freedom's patents),

---

[6] For this reason, *Motiva Pat., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 833 (E.D. Tex. 2019), is inapposite. In *Motiva*, the court found that allegations of a policy of ignoring patents were sufficient to show knowledge of the patents themselves, not knowledge that the alleged infringers act was causing indirect infringement of the patents.

and even if Freedom had made such an allegation, it would not matter because "mere inaction d[oes] not constitute inducement." *See Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001) *see also Global-Tech Appliances*, 563 U.S. at 760 ("inducement must involve the taking of affirmative steps to bring about the desired result").

And the same reasoning applies for Freedom's claims of contributory infringement. Freedom alleges DISH somehow contributes to its end users' infringement, but does not explain how. Complaint ¶¶ 116-120. Because Freedom does not even explain *what* DISH does to contribute to this alleged infringement, it certainly does not allege that DISH's actions were taken with the specific intent to indirectly infringe. *See Glob.-Tech,* 563 U.S. at 763 (holding that contributory infringement requires the same level of specific intent as is required for inducement).

In *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.,* No. 2:13-CV-38-JRG, 2014 U.S. Dist. LEXIS 28249, at *12 (E.D. Tex. Mar. 3, 2014), a court in this district held that allegations concerning a retailer's acts of selling an allegedly infringing product was insufficient to adequately allege a claim for induced infringement. *Id.* at *18. The court explained that the retailer had taken "no affirmative steps to induce infringement" because "[h]aving learned of the . . . infringing behavior, it simply continued business as usual." *Id.* Because "literally no change in [the retailer's] behavior [was] alleged," the court held that "failure to change behavior in light of a new fact cannot be characterized as an affirmative step evincing desire" that others infringe the patents. *Id.* at *18-*19.[7]

---

[7] DISH acknowledges that courts in this district have found that there is no requirement that a plaintiff allege pre-suit knowledge to adequately state a claim for indirect infringement. *Billjco v. Cisco Sys.*, No. 2:21-CV-00181-JRG, 2021 U.S. Dist. LEXIS 251455, at *18 n.2 (E.D. Tex. Nov. 30, 2021). The Complaint here nonetheless fails to state a claim for indirect infringement because it identifies no affirmative acts undertaken with the specific intent to cause others to infringe the Asserted Patents.

Freedom's allegations against DISH fail for these same reasons. Indeed, for most of the alleged accused products, DISH is a mere retailer (*see* n.1 supra)—just like in *Tierra*—and there is no allegation that DISH has in any way "chang[ed] behavior in light of" Freedom's allegations such that it could be taking affirmative steps with the specific intent to indirectly infringe with regard to those products. *Id.* at *18-19. Further, for DISH's own products, Freedom likewise identifies no "affirmative acts" taken with the specific intent to cause others to indirectly infringe the Asserted Patents. Rather, like the retailer in *Tierra*, Freedom's allegations of post-suit conduct include "literally no change" in DISH's actions and allege only that DISH has "simply continued its business as usual." *Id.*

### C. Freedom Fails to Adequately Plead Willful Infringement.

The Court should dismiss Freedom's claim of willful infringement. First, to the extent that Freedom has attempted to allege pre-suit willfulness, it fails for the same reasons set forth above in Section IV.1.A. Freedom fails to sufficiently plead facts alleging DISH had pre-suit knowledge of the patents or its alleged infringement thereof. The only allegation that could possibly imply pre-suit knowledge of the patents is the (implausible, temporally ambiguous) willful blindness allegation. Complaint ¶ 123. And even if that speculative allegation were taken as true, the Complaint would not adequately aver that DISH was *willfully* infringing the Asserted Patents prior to the lawsuit because "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Rather, as with indirect infringement, Freedom "must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BASF*, 28 F.4th at 1274. As explained above, Freedom's allegation regarding DISH's so-called policy does not adequately plead this requirement. *See VLSI Tech., LLC*, 2019 U.S. Dist. LEXIS 49801, at *5 (holding that willful blindness allegations do not show knowledge of infringement).

Second, for these same reasons, Freedom fails to state a claim for post-suit willfulness. The Federal Circuit has held that "a willfulness claim asserted in the original complaint must necessarily be grounded *exclusively* in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (emphasis added) (overruled on other grounds by *Halo*, 579 U.S. at 104-107). *SeaGate*'s *en banc* holding remains the operative law on pleading willfulness. In *Halo*, the Supreme Court overruled *SeaGate*'s separate holding that a plaintiff must prove objective willfulness by clear and convincing evidence. *Halo*, 79 U.S. at 104-107. But nothing in *Halo* abrogated *Seagate*'s holding that "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement" and thus cannot allege willfulness as a purely forward-looking matter. *Seagate*, 497 F.3d at 1374 (citing Fed. R. Civ. P. 8, 11(b)). Nor has any *en banc* Federal Circuit decision overruled *Seagate*'s standard for pleading willfulness.[8] *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1347 n.3 (Fed. Cir. 2015) (explaining that "the overruling of prior precedent can only be done by the [Federal Circuit] en banc").

Third, even if Freedom's improper speculation regarding DISH's future behavior were taken as true, its Complaint would still fail to adequately allege the "deliberate and intentional infringement" required to plead willfulness. Freedom alleges (read: predicts) that DISH has not changed its conduct as a reaction to being sued, but "this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint." *M & C Innovations, LLC v. Igloo Prods. Corp.*, C.A. No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018). When a defendant merely

---

[8] DISH recognizes that courts in this district have allowed willfulness claims based exclusively on post-suit conduct to survive a motion to dismiss. *See, e.g., Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, C.A. No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *16 (E.D. Tex. Sep. 22, 2017). To DISH's knowledge, these decisions do not reconcile their outcome with *Seagate*'s contrary holding and, to the extent they are in conflict, *Seagate* remains controlling.

"continue[s] manufacturing its [allegedly] infringing products," the case is "the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *Id.* To hold otherwise would lead to a "beyond the pale" expectation for "every patent defendant to cease all allegedly infringing conduct once a complaint is filed to force them to avoid enhanced damages for willful infringement." *Ravgen*, 2022 U.S. Dist. LEXIS 104409, at *6 (citing *Slot Speaker Techs, Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (Sep. 29, 2017)) (internal quotation marks omitted). Accordingly, Freedom's speculative allegation that DISH will not cease its operations concerning the accused products in response to Freedom's assertion of patent claims does not plausibly allege that DISH is engaging or has engaged in willful infringement.

## V. CONCLUSION

For the foregoing reasons, Freedom's claims for pre-suit and post-suit indirect infringement and willfulness should be dismissed.

Dated: July 17, 2023

Respectfully submitted,

By */s/ Eric H. Findlay*
   Eric H. Findlay
   State Bar No. 00789886
   FINDLAY CRAFT, P.C.
   7270 Crosswater Avenue, Suite B
   Tyler, TX 75703
   Telephone:  903.534.1100
   efindlay@findlaycraft.com

   Clement Roberts
   Will Melehani
   Orrick, Herrington & Sutcliffe LLP
   The Orrick Building
   405 Howard Street
   San Francisco, CA  94105-2669
   Telephone: 415-773-5700
   Email:  croberts@orrick.com
   Email:  wmelehani@orrick.com

   Alyssa Caridis
   Orrick, Herrington & Sutcliffe LLP
   777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017-5855
   Telephone: 213-629-2020
   Email: acaridis@orrick.com

   Wesley White, *pro hac vice*
   Orrick, Herrington & Sutcliffe LLP
   51 W 52nd Street
   New York, NY 10019-6142
   Telephone: 213-506-5000
   Email: wwhite@orrick.com

   **Attorneys for Defendants**
   **DISH NETWORK CORPORATION,**
   **DISH NETWORK L.L.C., and DISH**
   **NETWORK SERVICE L.L.C.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2023, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented such service under the Court's local rules.

By: */s/ Eric H. Findlay*
Eric H. Findlay